David Wallace, OSB# 170783
7327 SW Barnes Rd, #421
Portland, Oregon 97225
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **AMBER SHELTON,** as Personal Representative of the Estate of Adriana Renee Shelton Cazares, deceased, and for the benefit of the statutory beneficiaries under ORS 30.020(1)<br>　　　　　　　　　　Plaintiff,<br>v.<br>CITY OF HILLSBORO, an Oregon municipal corporation; WASHINGTON COUNTY, an Oregon county; JIM COLEMAN, in his official capacity as Chief of Police of the City of Hillsboro; PATRICK GARRETT, in his official capacity as Sheriff of Washington County; CARLOS KONIG RUIZ, an individual; DOE CIVILIAN PURSUER, an individual; A.G., a minor, by and through a guardian ad litem to be appointed; J.F., a minor, by and through a guardian ad litem to be appointed; TONJA GILL and TERRY FLUKER, as parents having custody and control of minor J.F.; DOE PARENT 1 and DOE PARENT 2, as parents having custody and control of minor A.G.; DOE OFFICERS 1–10, individual law-enforcement officers of the City of Hillsboro and/or Washington County; and DOE DEFENDANTS 11–20,<br>　　　　　　　　　　**Defendants.** | Case No.:<br><br>**42 U.S.C. § 1983; Wrongful Death; Survival; Negligence; Negligence Per Se; Negligent Civilian Pursuit; Monell; Negligent Training/Supervision/Retention; Statutory Parental Liability (ORS 30.765)**<br>JURY TRIAL DEMANDED |

## I. JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. §1331 for claims arising under 42 U.S.C. §1983, and supplemental jurisdiction over state-law claims under 28 U.S.C. §1367(a).

2. Venue is proper in this District under 28 U.S.C. §1391(b) because all events occurred in Washington County, Oregon (Portland Division).

1

1  Washington County lies within the Portland Division of the District of
2  Oregon.

**II. PARTIES**

3. Plaintiff is the duly appointed Personal Representative of the Estate of Adriana Renee Shelton Cazares and brings this action under ORS 30.020 for the benefit of statutory beneficiaries.

3A. Decedent is survived by statutory beneficiaries within the meaning of ORS 30.020, including her parents and siblings, on whose behalf this action is brought.

4. Defendant A.G. is a minor Oregon resident ("Driver").

5. Defendant J.F. is a minor Oregon resident who acted in concert with Driver ("Cohort").

6. Defendant DOE CIVILIAN PURSUER ("Pursuer") is an adult Oregon resident whose negligent civilian pursuit/escalation materially contributed to the events alleged herein.

6A. Defendant CARLOS KONIG RUIZ ("Owner/Custodian") is an adult Oregon resident who owned, possessed, or had custody of the vehicle (the "Subject Vehicle") that was left unattended and later taken.

7. Defendant CITY OF HILLSBORO is a municipal corporation and is liable under Monell for policies, customs, or practices that were the moving force of the constitutional violations alleged herein, and vicariously liable for state-law torts under the Oregon Tort Claims Act (OTCA), ORS 30.260–.300.

8. Defendant WASHINGTON COUNTY is a political subdivision of Oregon and is liable under Monell and vicariously liable under the OTCA as set forth herein.

9. Doe Officers 1–10 are City of Hillsboro and/or Washington County law-enforcement officers who acted under color of state law and whose

identities are presently unknown. Plaintiff will amend to substitute the true names of the Doe Officers upon identification in discovery.

9A. Plaintiff will promptly move to appoint guardians ad litem for the minor defendants under Fed. R. Civ. P. 17(c).

**III. OTCA NOTICE**

10. To the extent required, Plaintiff provided timely written notice of state-law claims to City and County under ORS 30.275.

**IV. FACTS COMMON TO ALL CLAIMS**

11. On or about September 22, 2022, earlier in the day, juvenile defendants A.G. and J.F. met about a vehicle listed for sale on Craigslist, wrongfully took the vehicle, and drove it recklessly on public roads. At all relevant times, the respective parents having custody or control were DOE PARENT 1 and DOE PARENT 2 for A.G., and TONJA GILL and TERRY FLUKER for J.F. Upon discovering the theft, DOE CIVILIAN PURSUER ("Pursuer") initiated and continued a vehicular chase on public roads, escalating the danger to the public.

12. At approximately 7:40 p.m. on September 22, 2022, a high-speed collision occurred on NW 185th Avenue near NE Eider Court, at the entrance to the Sunset Square shopping center in Hillsboro, Washington County, Oregon.

13. During the same period, Doe Officers from the City and/or County initiated, authorized, continued, and/or failed to timely terminate a high-risk pursuit of the juveniles through populated areas, despite the minors' evident inexperience and the disproportionate danger to the public.

14. While traveling southbound on NW 185th at a high rate of speed, the juveniles' vehicle struck the vehicle occupied by Decedent and her cousin Aaliyah Shelton as they turned from the Sunset Square parking lot onto NW 185th.

15. The impact split the cousins' vehicle into two pieces and ignited a fire, causing catastrophic injuries that resulted in Adriana Renee Shelton Cazares's death.

16. Defendants' conduct was a substantial factor in causing Decedent's death and the Estate's and beneficiaries' damages described below.

**V. CLAIMS FOR RELIEF**

First Claim — Wrongful Death (ORS 30.020)

(Against A.G. and J.F.)

17. Plaintiff realleges ¶¶ 1–16.

18. Driver owed a duty to operate a vehicle with reasonable care; Cohort owed a duty not to aid/abet or act in concert in conduct that foreseeably endangered others.

19. Defendants breached those duties by, inter alia, taking the vehicle, fleeing, speeding, failing to yield, failing to maintain a lookout, disregarding traffic controls, and otherwise operating recklessly and unlawfully.

19A. Defendants' conduct constitutes negligence per se under Oregon traffic-safety statutes, including but not limited to ORS 811.100 (speeding), 811.135 (careless driving), 811.140 (reckless driving), 811.265 (failure to obey traffic control device), and 811.005 (general duty to drive with care).

20. Their conduct caused Decedent's death. Plaintiff seeks economic and non-economic wrongful-death damages under ORS 30.020.

Second Claim — Survival (ORS 30.075)

(Against All Defendants)

21. Plaintiff realleges ¶¶ 1–20.

22. Decedent sustained conscious pain, suffering including pre-impact terror and post-impact conscious pain and suffering, and special

1  damages between injury and death. Those damages survive to the Estate
2  under ORS 30.075.
3  23.  Plaintiff seeks survival damages according to proof. Punitive
4  damages are sought against non-municipal defendants and Doe Officers
5  as permitted by law.

### Third Claim — Negligence (Civilian Pursuit)
### (Against DOE CIVILIAN PURSUER)

8  24.  Plaintiff realleges ¶¶ 1–23.
9  25.  DOE CIVILIAN PURSUER owed a duty of reasonable care not to
10 initiate, escalate, or prolong a vehicular chase on public roads and to
11 disengage when risks to third parties outweighed any benefit of
12 immediate recovery.
13 26.  DOE CIVILIAN PURSUER breached that duty by initiating and/or
14 continuing a high-speed chase, escalating the juveniles' flight, following
15 too closely, communicating/acting in ways that provoked more
16 dangerous driving, and failing to disengage once the situation became
17 unreasonably dangerous.
18 27.  DOE CIVILIAN PURSUER's negligence was a substantial factor in
19 causing the collision and Decedent's death.

### Fourth Claim — Negligence (Pursuit Initiation/Continuation/Termination)
### (Against CITY OF HILLSBORO and WASHINGTON COUNTY under OTCA)

23 28.  Plaintiff realleges ¶¶ 1–27.
24 28A. These duties were ministerial in nature and not protected by
25 discretionary-function immunity.
26 29.  Through their officers, the City and County owed duties to exercise
27 reasonable care in pursuit initiation, supervision, interagency
28 coordination, risk assessment (including heightened risks with juvenile

5

1 suspects), and termination when risks outweighed the need for
2 immediate apprehension.
3 30.  Doe Officers breached those duties by
4 initiating/authorizing/continuing a high-risk pursuit through congested
5 areas, failing to slow/disengage, and failing to use safer alternatives.
6 31.  The City and County are vicariously liable under the OTCA for
7 these negligent acts/omissions within scope.

Fifth Claim — Negligent Training, Supervision, and Retention
(Against CITY OF HILLSBORO and WASHINGTON COUNTY)

10 32.  Plaintiff realleges ¶¶ 1–30.
11 33.  The City and County failed to implement, train on, supervise, and
12 enforce pursuit policies consistent with accepted standards (including
13 juvenile-risk considerations), which was a substantial factor in causing
14 the death.

Sixth Claim — 42 U.S.C. § 1983 (Substantive Due Process: State-Created
Danger / Shock-the-Conscience)
(Against Doe Officers 1–10)

18 34.  Plaintiff realleges ¶¶ 1–32.
19 34A. The rights at issue arise under the Fourteenth Amendment
20 substantive due process right to bodily integrity.
21 34B. Doe Officers 1–10 are sued in their individual capacities.
22 35.  Acting under color of state law, Doe Officers took affirmative
23 actions that created or increased a specific, known risk to Decedent—
24 namely, initiating and/or continuing a high-speed pursuit through
25 populated areas for a non-violent property offense involving juveniles—
26 under circumstances where the risk to third parties clearly outweighed
27 the need for immediate apprehension, and failing to terminate the
28 pursuit.

6

36. Given the time to deliberate, the conduct was deliberate and reckless and shocks the conscience, and was a moving force of Decedent's death.

37. Plaintiff seeks compensatory and punitive damages against the Doe Officers, and attorney fees and costs under 42 U.S.C. §1988(b).

### Seventh Claim — 42 U.S.C. § 1983 (Monell – Policy/Custom/Failure to Train)
(Against CITY OF HILLSBORO and WASHINGTON COUNTY)

38. Plaintiff realleges ¶¶ 1–37.

38A. Plaintiff does not seek punitive damages against CITY OF HILLSBORO or WASHINGTON COUNTY.

39. The City and County maintained policies, customs, or practices—formal or de facto—governing vehicle pursuits, risk assessment, and termination that were the moving force behind the constitutional violations, including: (a) initiating or continuing pursuits in populated areas for non-violent property offenses and juvenile suspects; (b) inadequate training and supervision on risk-balancing and termination; (c) ratifying pursuit decisions that endangered third parties; and (d) failing to discipline known violations, signaling approval and causing recurrence.

40. Alternatively, the City and County were deliberately indifferent in failing to train/supervise on pursuit decision-making, making violations highly predictable and likely to result in the type of harm suffered here.

41. Plaintiff seeks compensatory damages, attorney fees/costs under §1988(b), and such further relief as the Court deems proper. (Punitive damages are not sought against the municipalities.)

### Eighth Claim — Negligence and Negligence Per Se (Owner/Custodian)
(Against CARLOS KONIG RUIZ)

7

42. Plaintiff realleges ¶¶ 1–41.

43. Oregon law, including ORS 811.585, prohibits leaving an unattended vehicle without securing the ignition/removing the key and taking reasonable steps to prevent unauthorized operation.

44. Owner/Custodian breached statutory and common-law duties by leaving the Subject Vehicle unsecured (including by leaving a key/fob/ignition device in the vehicle and/or otherwise failing to secure it), thereby facilitating the theft and reckless flight by A.G. and J.F.

45. The resulting theft, dangerous operation, and fatal collision were within the class of risks that ORS 811.585 and the common law were designed to prevent, rendering Owner/Custodian liable in negligence and negligence per se.

46. As a direct and proximate result, Plaintiff and statutory beneficiaries suffered the wrongful-death and survival damages previously alleged.

### Ninth Claim — Statutory Parental Liability (ORS 30.765)
### (Against TONJA GILL, TERRY FLUKER, and DOE PARENT 1 / DOE PARENT 2)

47. Plaintiff realleges ¶¶ 1–46.

48. A.G. and J.F. engaged in intentional or reckless acts, including theft/unauthorized use of the Subject Vehicle and reckless driving and/or eluding, which caused injury and death.

49. At all relevant times, the above-named Parent Defendants had custody or control of their respective minor child within the meaning of ORS 30.765.

50. Pursuant to ORS 30.765, Plaintiff seeks the maximum amounts recoverable per claimant against each Parent Defendant for damages resulting from the minor's intentional or reckless acts, together with

8

costs and such other relief as the Court deems just and proper.

**VI. DAMAGES**

As a direct and proximate result of Defendants' conduct, the Estate of Adriana Renee Shelton Cazares and her statutory beneficiaries suffered the following damages, to be determined at trial:

  a. Wrongful-death damages under ORS 30.020, including:
  (i) pecuniary losses to the statutory beneficiaries;
  (ii) reasonable funeral and burial expenses;
  (iii) medical expenses and other expenses caused by the injury resulting in death; and
  (iv) non-economic damages for the loss of society, companionship, and services of Decedent.
  b. Survival-type damages, to the extent permitted, including Decedent's pre-death conscious pain and suffering and related special damages.
  c. Compensatory damages under 42 U.S.C. § 1983 for the deprivation of Decedent's constitutional rights (state-created danger), recoverable by the Estate on a survival basis.
  d. Punitive damages against the non-municipal defendants whose conduct was malicious, in reckless or callous indifference to the rights and safety of others, or shocks the conscience (including the civilian pursuer and the Doe officer defendants, but not the municipal entities).
  e. Attorney fees and costs on the §1983 claims under 42 U.S.C. § 1988(b).

f. Pre- and post-judgment interest as allowed by law, and costs and disbursements.

g. Plaintiff will move for leave to add punitive-damages allegations under ORS 31.725 at the appropriate time, without waiver of punitive remedies available under 42 U.S.C. § 1983 against the individual Doe defendants.

**VII. PRESERVATION**

Defendants must preserve CAD/radio traffic, BWC/dash video, pursuit reports, AVL/GPS, policy manuals, training files, dispatch notes, third-party video, and all communications relating to pursuit decisions and interagency coordination including: WCCCA/911 audio; radio and talk group recordings; CAD and call notes; BWC and in-car (dash) video; ALPR hits; GPS/AVL; pursuit policy versions in effect on September 22, 2022 and prior revisions; training lesson plans; inter-agency emails/texts/Signal messages; and nearby commercial, traffic-signal, and residential (Ring/Arlo) video.

**VIII. JURY DEMAND**

Plaintiff demands a jury trial on all triable issues.

***************************************************************************

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment jointly and severally where permitted by law as follows:

Compensatory damages on all claims in amounts to be proven at trial;

Wrongful-death damages as set out above in amounts to be proven at trial;

Punitive damages against non-municipal defendants and the

1     Doe officer defendants as permitted by law;

2     Attorney fees and costs under 42 U.S.C. § 1988(b) on the

3     §1983 claims;

4     Costs and disbursements; and

5     Such other relief as the Court deems just and proper.

September 19, 2025.

*s/ David Wallace, Esq.*
David Wallace, OSB #170783
Plaintiff's attorney
David@dtwallace.com
T: 503.896.6543

11